**In re Petition for DISCIPLINARY ACTION AGAINST Garry D. BARNETT, a Minnesota Attorney, Registration No. 4820.**

**No. A11–1510.**

Supreme Court of Minnesota.

June 19, 2013.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Garry D. Barnett committed professional misconduct, namely, failing to cooperate with disciplinary investigations, neglecting multiple client matters, failing to communicate with multiple clients, failing to return client files, filing a frivolous counterclaim, and making a false statement to a client, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a)(3) and (4), 1.4(b), 1.16(d), 3.1, 4.1, 8.1(b), and 8.4(c), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, withdraws the answer he previously filed, and except for two paragraphs, unconditionally admits the allegations in the petition for disciplinary action. The parties jointly recommend that the appropriate discipline is a public reprimand and 2 years of supervised probation. In their stipulation for discipline, the parties indicate that respondent raised as mitigation to the Director his mental health issues that were occurring at the time of his misconduct.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Garry D. Barnett is publicly reprimanded.

2. Respondent shall be subject to supervised probation for a period of 2 years, beginning on the date of the filing of this order, with the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons with an interest in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Respondent shall abide by the Minnesota Rules of Professional Conduct.

f. Respondent shall initiate or continue treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/————————————

Alan C. Page
Associate Justice